# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **CHONG YONG SEONG,** | § § § | |
| *Petitioner,* | § § | |
| v. | § § | |
| **DIANE WITTE,** *in her official capacity as* | § | **EP-18-CV-00283-DCG** |
| *El Paso Field Office Director for U.S.* | § | |
| *Immigration and Customs Enforcement;* | § | |
| **JEFFERSON SESSIONS,** *in his official* | § | |
| *capacity as Attorney General of the United* | § | |
| *States;* **and KIRSTJEN NIELSEN,** *in her* | § | |
| *official capacity as Secretary of U.S.* | § | |
| *Department of Homeland Security,* | § | |
| | § § | |
| *Respondents.* | § | |

## MEMORANDUM ORDER

Presently before the Court is Respondents Diane Witte, Jefferson Sessions, and Kirstjen

Nielsen's "Motion to Dismiss and Motion for Summary Judgment" ("Motion") (ECF No. 5) filed

on November 1, 2018. Therein, Respondents ask the Court to dismiss this cause. Mot. at 7.

Petitioner did not respond to Respondents' Motion. For the reasons that follow, the Court

**GRANTS** Respondents' Motion and **DISMISSES THE CAUSE WITHOUT PREJUDICE.**

Petitioner Chong Yong Seong filed his "Petition for Writ of Habeas Corpus and Release

from Detention" on September 27, 2018. *See* Writ, ECF No. 1. According to Petitioner, he

entered the United States in 1985 on a visitor visa. Writ at 3. In 1996, he was arrested,

convicted, and sentenced to 300 months in prison. *Id.* Subsequently, on September 13, 2017, he

was issued a final order of removal. *Id.* On June 11, 2018, Petitioner was taken into custody by

Respondents. *Id.* Thus, Petitioner alleges that he is being held in violation of *Zadvydas v. Davis,*

533 U.S. 678 (2001). *Id.* at 7–8.

Under 28 U.S.C. § 2241, the Court has jurisdiction to adjudicate the constitutionality of Petitioner's continued detention. *Gul v. Rozos*, 163 F. App'x 317, 318–19 (5th Cir. 2006) (*per curiam*) ("We note first that the Real ID Act stripped the district courts of jurisdiction over 28 U.S.C. § 2241 petitions attacking removal orders. To the extent that Gul's petition challenged his continued detention rather than the final order of removal, nothing in the Real ID Act precluded the district court from adjudicating the claim." (internal citation omitted)). In *Zadvydas v. Davis*, the Supreme Court laid out the framework for analyzing the constitutionality of continued detention. The Supreme Court stated:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (internal citation omitted). The Supreme Court has applied this framework to both admissible and inadmissible aliens. *Clark v. Martinez*, 543 U.S. 371, 386 (2005) ("Since the Government has suggested no reason why the period of time reasonably necessary to effect removal is longer for an inadmissible alien, the 6–month presumptive detention period we prescribed in *Zadvydas* applies."). Thus, "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Upon the satisfaction of the alien's burden, "[t]he Government then has the burden to present evidence to rebut that showing." *Thanh v. Johnson*, No. EP-15-CV-403-PRM, 2016 WL 5171779, at *4 (W.D. Tex. Mar. 11, 2016).

In the instant case, there is a fatal flaw in Petitioner's argument under *Zadvydas*. Respondents did not take Petitioner into their custody until June 11, 2018. *See* Writ at 3. Petitioner filed his Writ on September 27, 2018. *See id.* Thus, the six-month presumptive detention period had not passed at that time. To date, the six-month presumptive detention period still has not lapsed. Consequently, Petitioner cannot state a claim under *Zadvydas* at this time. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051–52 (11th Cir. 2002) ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*."). Petitioner may refile his Writ once the six-month presumptive detention period has elapsed.[1]

Accordingly, **IT IS ORDERED** that Respondents Diane Witte, Jefferson Sessions, and Kirstjen Nielsen's "Motion to Dismiss and Motion for Summary Judgment" (ECF No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner Chong Yong Seong's "Petition for Writ of Habeas Corpus and Release from Detention" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**So ORDERED and SIGNED this 26 day of November 2018.**

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[1] Affording Petitioner the right to refile when his claim is timely shall not be construed as the Court maintaining jurisdiction over this matter. Petitioner will need to file a new case in the appropriate forum once the six-month period runs.